# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| KLAUSNER LUMBER TWO LLC, | Case No. 20-11518 (KBO) |
| Debtor.[1] | **Hearing date:**<br>**July 16, 2020 at 3:00 p.m. (ET)** |
| | **Objection Deadline:**<br>**July 9, 2020 by 4:00 p.m. (ET)** |

### DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER UNDER SECTIONS 327(a) AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS BANKRUPTCY CO-COUNSEL AND DELAWARE COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtor and debtor in possession (the "Debtor") submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit C**, pursuant to sections 327(a) and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") as bankruptcy co-counsel and Delaware counsel to the Debtor *nunc pro tunc* to the Petition Date (as defined below).  In support of the Application, the Debtor relies upon and incorporate by reference (a) the *Declaration of Robert*

---

[1] The last four digits of the Debtor's federal EIN is 4897.  The Debtor's mailing address is P.O. Box C, Redding Ridge, CT  06876.

*Prusak in Support of Debtor's Bankruptcy Filing* (D.I. 6) (the "<u>Initial Declaration</u>");[2] (b) the *Declaration of Robert J. Dehney in Support of the Debtor's Application for Entry of an Order Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel and Delaware Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* (the "<u>Dehney Declaration</u>") attached as **Exhibit A**; and (c) the *Declaration of Robert Prusak, Chief Restructuring Officer of the Debtor, in Support of the Debtor's Application for Entry of an Order Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel and Delaware Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* (the "<u>Prusak Declaration</u>") attached as **Exhibit B**.  In further support of the Application, the Debtor respectfully states as follows:

## <u>JURISDICTION</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these proceedings and the Application in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The Debtor consents to entry of final orders or judgments by the Court on this Application.

---

[2]      Capitalized terms used but not defined herein are defined in the Initial Declaration.

3.      The statutory bases for the relief requested herein are sections 327(a) and 1107(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On June 10, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On April 30, 2020 (the "Affiliate Petition Date"), the Debtor's affiliate, Klausner Lumber One LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which is being administered separate and apart from the Debtor's case.  *See In re Klausner Lumber One LLC*, Case No. 20-11033-KBO (Bankr. D. Del. 2020).  The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

5.      On June 25, 2020 the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors.  *See* D.I. 27

6.      The Debtor is the owner of a state-of-the-art timber sawmill in Enfield, Halifax County, North Carolina.

7.      Additional detail regarding the Debtor, its business, the events leading to commencement of this case and the facts and circumstances supporting the relief requested herein is set forth in the Initial Declaration.

8.      The Debtor has also retained Westerman Ball Ederer Miller Zucker & Sharfstein, LLC ("Westerman Ball") as bankruptcy co-counsel.  Morris Nichols will coordinate with Westerman Ball and the Debtor's other professionals to provide the Debtor with the highest level of service while avoiding unnecessary duplication of efforts.

**RELIEF REQUESTED**

9.      By this Application, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit C**, pursuant to sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtor to retain and employ Morris Nichols as its bankruptcy co-counsel and Delaware counsel *nunc pro tunc* to the Petition Date.

**BASIS FOR RELIEF**

10.      Under section 327(a) of the Bankruptcy Code, a debtor in possession may employ one or more attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estate.  Section 101(14) of the Bankruptcy Code defines "disinterested person" as one who:

> is not a creditor, an equity security holder, or an insider; [or] is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and . . . does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

11.      Before commencing this chapter 11 case, the Debtor retained Morris Nichols to assist in advising, preparing for, and commencing its case under chapter 11 of the Bankruptcy Code.  Subject to entry of an order approving this Application, the Debtor has also retained Westerman Ball to assist in prosecuting this chapter 11 case.

12.      The Debtor seeks to retain and employ Morris Nichols because the firm's attorneys have extensive experience representing debtors in chapter 11 cases before this Court. Further, Morris Nichols attorneys have become familiar with the Debtor and its business and

financial affairs through assisting the Debtor with preparing this chapter 11 case for filing. For these reasons, Morris Nichols is uniquely qualified to represent the Debtor as bankruptcy co-counsel and Delaware co-counsel.

13.     The Debtor requests approval of the employment of Morris Nichols *nunc pro tunc* to the Petition Date. *Nunc pro tunc* relief is warranted in this case. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989). Given the size and complexity of this case, the Debtor was not able to seek approval of Morris Nichols's retention before Morris Nichols began work. Nonetheless, the Debtor and Morris Nichols have filed this Application within two weeks of the Petition Date. Under these circumstances, no party will be prejudiced and *nunc pro tunc* retention should be approved.

## SERVICES TO BE PROVIDED BY MORRIS NICHOLS

14.     Subject to further order of this Court, Morris Nichols will perform the following professional services for or on behalf of the Debtor in this case:

       a.     perform all necessary services as the Debtor's bankruptcy co-counsel and Delaware counsel, including, without limitation, providing the Debtor with advice, representing the Debtor, and preparing necessary documents on behalf of the Debtor in the areas of restructuring and bankruptcy;

       b.     take all necessary actions to protect and preserve the Debtor's estate during this chapter 11 case, including the prosecution of actions by the Debtor, the defense of any actions commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved, and objecting to claims filed against the estate;

       c.     prepare or coordinate preparation on behalf of the Debtor, as debtor in possession, any necessary motions, applications, answers, orders, reports, and papers in

connection with the administration of this chapter 11 case;

d.      counsel the Debtor with regard to its rights and obligations as debtor in possession;

e.      counsel the Debtor on issues of Delaware law;

f.      coordinate with the Debtor's other professionals in representing the Debtor in connection with this case; and

g.      perform all other necessary or requested legal services.

15.      Morris Nichols will work with Westerman Ball and the Debtor's other professionals to avoid unnecessary duplication of efforts and to represent the Debtor in an efficient and cost-effective manner.

16.      The Debtor believes that Morris Nichols's employment is in the best interests of the Debtor, its estate, and its creditors.

17.      Subject to this Court's approval of the Application, Morris Nichols is willing to serve as the Debtor's bankruptcy co-counsel and Delaware counsel, and to perform the services described above.

**<u>DISINTERESTEDNESS OF MORRIS NICHOLS</u>**

18.      To the best of the Debtor's knowledge, information, and belief, and except as otherwise set forth herein and in the Dehney Declaration, no Morris Nichols partner, counsel, or associate holds or represents any interest adverse to the Debtor's estate or its creditors, and Morris Nichols is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.

19.      Morris Nichols does not, and has not, represented any entities, other than the Debtor, in matters related to this chapter 11 case, except to the extent otherwise indicated in the Dehney Declaration.  Morris Nichols may represent, or may have represented in the past, certain parties with interests in the Debtor's case on matters unrelated to its chapter 11 case.  As

set forth in the Dehney Declaration, Morris Nichols has conducted, and continues to conduct, research into its connections to the Debtor, their substantial creditors and equity security holders, and other parties interested in this case.  As part of this inquiry, Morris Nichols obtained the names of individuals or entities that may be parties in interest in this chapter 11 case (the "Potential Parties in Interest," attached to the Dehney Declaration as Schedule 1).  Morris Nichols then entered the names of Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning the clients of Morris Nichols.

20.	From the results of this inquiry, Morris Nichols compiled a list ("Client Match List") of Potential Parties in Interest that are current or former Morris Nichols clients. The Client Match List is divided into two schedules of current and former clients, respectively. Current clients are listed on Schedule 2 attached to the Dehney Declaration and former clients are listed on Schedule 3 attached to the Dehney Declaration.  Through additional inquiry, Morris Nichols has determined its representations of clients on the Client Match List concern matters unrelated to the Debtor and this chapter 11 case, except to the extent otherwise indicated in the Dehney Declaration.  Although Morris Nichols values all of its clients, none of the entities listed on the Client Match List represent a significant portion of the firm's annual revenue.

21.	Although Morris Nichols has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should Morris Nichols discover additional connections of the nature described above, Morris Nichols will promptly supplement the disclosures in the Dehney Declaration.

## PROFESSIONAL COMPENSATION

22.     The Debtor retained Morris Nichols on May 15, 2020.  Morris Nichols has not received any compensation from the Debtor within 90 days before the Petition Date and Morris Nichols waives its prepetition fees upon the approval of this Application.

23.     Morris Nichols and the Debtor's other professionals have a subordination agreement wherein the Debtor's prepetition lender Carolina Sawmills L.P. ("CS LP") has, *inter alia*, consented to the payment of Morris Nichols's fees and expenses free and clear of the CS LP's liens.

24.     Morris Nichols's compensation during this case will be based upon the hours actually expended by each assigned professional at each professional's hourly billing rate, as detailed further in the Dehney Declaration.  Subject to Court approval in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the orders of this Court, the Debtor proposes to compensate Morris Nichols for professional services rendered at its normal and customary hourly rates in effect from time to time as set forth in the Dehney Declaration.

25.     Morris Nichols will also seek reimbursement for reasonable and necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services, charged at cost.

26.     Morris Nichols intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

27.    Morris Nichols intends to use its reasonable best efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "Appendix B Guidelines").  To that end, Morris Nichols provides the following statements in response to the request for additional information set forth in Part D.1. of the Appendix B Guidelines:

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response:** | Yes, but only to the extent discussed in paragraphs 22 and 23 above. Namely, waiving all prepetition fees and entering into a subordination agreement with CS LP. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response:** | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| **Response:** | In connection with the chapter 11 case, Morris Nichols was retained by the Debtor pursuant to the engagement letter dated May 15, 2020.  The material terms of the prepetition restructuring engagement are the same as the terms described in the Dehney Declaration, except Morris Nichols has waived all fees earned prepetition. |
| **Question:** | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| **Response:** | Morris Nichols, in conjunction with the Debtor and the Debtor's other professionals, is in the process of developing a budget for this chapter 11 case for the period beginning June 10, 2020, ending |

9

September 29, 2020.  Morris Nichols, the Debtor, and the Debtor's other professionals will review such budget following the close of the budget period to determine a budget for the following period.

## NOTICE

28.     The Debtor will serve notice of this Application on the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the Internal Revenue Service, (d) the Securities and Exchange Commission, (e) the holders of the twenty-nine (29) largest unsecured claims against the Debtor; (f) counsel to the Debtor's prepetition secured lender, CS LP; (g) the members of the official committee of unsecured creditors (h) any other party that has requested notice pursuant to Local Rule 2002-1(b).  The Debtor submits that in light of the nature of the relief requested no other or further notice need be given

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court (i) grant this Application and the relief requested herein; (ii) enter the proposed order attached hereto as **Exhibit C**; and (iii) grant such other and further relief as it deems just and proper.

Dated: June 25, 2020

/s/ Robert Prusak
Robert Prusak
Chief Restructuring Officer
Klausner Lumber Two LLC