## EXHIBIT A

**Draghi Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re

Klausner Lumber Two, LLC,

Debtor.[1]

Chapter 11

Case No. 20-11518 (KBO)

**DECLARATION OF THOMAS A. DRAGHI IN SUPPORT OF THE DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER UNDER SECTIONS 327(a) AND
1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016,
AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND
EMPLOYMENT OF WESTERMAN BALL EDERER MILLER ZUCKER &
SHARFSTEIN, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTOR
_NUNC PRO TUNC_ TO THE PETITION DATE**

I, THOMAS A. DRAGHI, hereby declare under penalty of perjury:

1.      I am a partner at Westerman Ball Ederer Miller Zucker & Sharfstein, LLP

("Westerman Ball"), which maintains an office for the practice of law at 1201 RXR Plaza,

Uniondale, New York 11556.  I am an attorney at law, duly admitted and in good standing to

practice in the state of New York, as well as in the United States District Court for the Southern

District of New York and the United States Court of Appeals for the Second Circuit.  My motion

for admission _pro hac vice_ was approved by order entered on June 15, 2020 (D.I. 12).

2.      I submit this declaration in support of the _Debtor's Application for Entry
of an Order Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014
and 2016, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP as Bankruptcy Co-Counsel for the_

---

[1]      The last four digits of the Debtor's EIN is 4897.  The Debtor's mailing address is PO Box C
Redding Ridge, CT 06876.

*Debtor Nunc Pro Tunc to the Petition Date* (the "Application").[2]  This Declaration does not replace anything set forth in the Application, except as expressly set forth herein.

3.      Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently hereto.[3]

4.      Westerman Ball's attorneys have specialized knowledge and experience in bankruptcy, reorganization and restructuring, corporate litigation, corporate governance, and other areas that are or may be relevant to this chapter 11 case.

5.      Insofar as I have been able to ascertain, Westerman Ball and its partners, associates, and counsel do not have any material connection with the Debtor, their significant creditors, or any other parties in interest, or any of their respective attorneys or accountants, other than as described in this Declaration.  This also includes employees of Westerman Ball to the best of the firm's knowledge.

6.      Due to the size and diversity of the firm's practice, Westerman Ball may have represented or otherwise dealt with or may now be representing or otherwise dealing with certain entities or persons (and their attorneys or accountants) who are or may consider themselves to be creditors, equity security holders, or parties interested in this case.  However, Westerman Ball does not and will not represent any entity other than the Debtor in connection with this case.

7.      In addition, Westerman Ball is or has been engaged in a number of matters in which attorneys and other professionals representing various parties in interest in this case are or have also been involved; in a number of cases, Westerman Ball and those professionals

---

[2]      Capitalized terms not defined herein are defined in the Application.  Westerman Ball does not waive by the Application and its respective contents, and hereby reserves and preserves, all applicable privileges.

[3]      Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Westerman Ball and are based on information provided by them.

represent or have represented the same clients. Moreover, due to the nature and size of its practice, Westerman Ball has or has had relationships as local, co-counsel, or referring counsel with many major law firms in many major cities in the United States, which includes law firms representing creditors or other parties in interest in this case; all such relationships are on matters unrelated to this case and to the Debtor. Westerman Ball is also a member of certain lawyer associations and networks, including Interact Law, a worldwide network of law firms, which may include law firms representing creditors or other parties in interest in this case. Furthermore, Westerman Ball, as part of its practice, also has and continues to represent agents, trustees, and similar entities in bankruptcy cases in which participants in the related facilities may be or believe they are creditors or other parties in interest in the above-captioned bankruptcy case; Westerman Ball does not represent these participants and they are not generally part of Westerman Ball's conflict system.

8.      Westerman Ball became involved in this matter when an attorney at the firm was put in contact with Leopold Stephan, the Debtor's Chief Executive Officer, through a German attorney named Michael Hofhauer. Westerman Ball attorneys John Westerman, William Vita and Mickee Hennessy met Mr. Hofhauer at a networking event hosted by the Interact Law organization, of which Mr. Hofhauer is also a member. Mr. Hofhauer is an attorney with the German law firm of ljh Lindlbauer Rechtsanwälte and, upon information and belief, that law firm represents certain European non-debtor affiliates of the Debtor and Klausner Lumber One LLC ("KL1"). Upon information and belief, neither Mr. Hofhauer nor his firm ljh Lindlbauer Rechtsanwälte presently represent the Debtor or KL1.

9.      Westerman Ball then contacted Charles Reardon, a Senior Managing Director of Asgaard Capital LLC ("Asgaard") because of his experience in providing advisory

3

and related services to distressed companies.  Although Westerman Ball has never worked with Asgaard in the past, Mr. Reardon had previously been of counsel to the firm in or about 2001, and he and a partner at the firm, John Westerman, have a long-standing friendship and have worked together in other unrelated matters over the years, all of which are unrelated to the Debtor.

10.    Westerman Ball has conducted, and continues to conduct, research into its relations with the Debtor, their substantial creditors and equity security holders, and other parties interested in this case.  As part of this inquiry, Westerman Ball obtained the names of individuals or entities that may be parties in interest in this chapter 11 case (the "Potential Parties in Interest"), which is annexed as **Schedule 1** hereto.  Westerman Ball then entered these names into a computer database containing the names of all clients and conflict information concerning the clients of Westerman Ball, along with the following as requested by the Office of the United States Trustee:  The staff of Region 3 of the United States Trustee Office, the Assistant United States Trustee and the United States Trustee; the staff and judges of the Delaware Bankruptcy Court; parents, subsidiaries and affiliates of the Debtor; Carolina Sawmills LP (the Debtor's Prepetition Lender); Carolina Entrepreneur, LLC (the Prepetition Lender's General Partner); Leopold Stephan; and Daniel Motulsky, an Independent Director of the Debtor.

11.    From the results of this additional inquiry, consistent with the disinterestedness timeframe of two to three years, Westerman Ball has determined that (a) Westerman Ball does not and has not represented any clients in any matters related to the Debtor; and (b) Westerman Ball does not and has not represented any of the additional persons or entities set forth in paragraph 11 above in any matters related to the Debtor, except as provided herein.

12.     Other than as set forth herein, Westerman Ball is neither a creditor of the Debtor, an equity holder of the Debtor, nor an insider of the Debtor.  For so long as it represents the Debtor, with the exception of KL1 as described herein but subject to appointment of conflicts counsel should a conflict arise, Westerman Ball will not represent any entities other than the Debtor in connection with this case.

13.     Westerman Ball has been retained in the same capacity by KL1, an affiliate of the Debtor, which filed its Chapter 11 bankruptcy case in this district.

14.     Westerman Ball will utilize the same personnel in the Debtor's case as are being utilized in the KL1 case, subject to staffing and availability matters.

15.     Westerman Ball recognizes the need for independent personnel to assist each of KL1 and the Debtor with respect to any rights among the two estates.

16.     KL1 has a duly appointed independent director, Mr. Nat Wasserstein.  The Debtor has a duly appointed independent director, Mr. Daniel Motulsky.  Neither Mr. Wasserstein nor Mr. Motulsky has any connection to one another.  Each recently selected for their respective estates separate and different conflicts counsel to assist them on any matters in which the estates of KL1 and the Debtor may have competing interests; each of the KL1 and the Debtor bankruptcy estates will have separate conflicts counsel, so that each independent director can obtain whatever advice and assistance he sees fit, and the two conflicts counsel firms will be separate from each other.  Further, in the case of a conflict, conflicts counsel will take direction solely from the independent director.

17.     Given the above, Westerman Ball does not believe that representing both debtors—aside from the matters above in which it will not be involved—impairs its ability to fully and faithfully discharge its duties to the two bankruptcy estates and maximize the value of

the two estates.  Westerman Ball does not believe that its role with KL1 renders the firm no longer disinterested or holding or representing an interest adverse to the KL2 estate.

18.     Westerman Ball is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

19.     Westerman Ball was retained by the Debtor on May 15, 2020.  Westerman Ball has not received any payment from the Debtor and waives all prepetition fees incurred upon the approval of this Application.

20.     Westerman Ball and the Debtor's other professionals have a subordination agreement wherein CS LP, a prepetition lender of the Debtor, has *inter alia* consented to the payment of Westerman Ball's fees and expenses free and clear of CS LP's liens.

21.     Westerman Ball has not been paid any compensation by the Debtor during the 90-day period prior to the Petition Date and Westerman Ball is not a prepetition creditor of the Debtor.

22.     Subject to Court approval in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, and the applicable orders and Local Rules of this Court, the Debtor proposes to pay Westerman Ball its customary hourly rates in effect from time to time as set forth herein, plus reimbursement of actual, necessary expenses incurred by Westerman Ball on the Debtor's behalf.  The following are Westerman Ball's current hourly rates for work of this nature:

| | |
|---|---|
| Partners | $450–695 |
| Associates and Special Counsel | $225–475 |
| Paraprofessionals | $225 |

23.     These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

24.     Westerman Ball will seek interim and final approval of payment of compensation and reimbursement of expenses in connection with this case pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the applicable orders and Local Rules of this Court.

25.     All filing fees in this chapter 11 case have been paid.

26.     Westerman Ball and its partners, counsel and associates have not received, agreed to, or been promised any compensation in connection with its representation of the Debtor in this case other than as set forth in the Application.

27.     Westerman Ball intends to use its reasonable best efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "Appendix B Guidelines").  To that end, Westerman Ball provides the following statements in response to the request for additional information set forth in Part D.1. of the Appendix B Guidelines:

**Question:**    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:**    Yes, but only to the extent discussed in paragraph 19 and 20 above. Namely, waiving all prepetition fees and entering into a subordination agreement with CS LP.

**Question:**    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:**    No.

**Question:**    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

7

**Response:**   In connection with the chapter 11 case, Westerman Ball was retained by the Debtor pursuant to the engagement letter dated May 15, 2020.  The material terms of the prepetition restructuring engagement are the same as the terms described in this Declaration, except Westerman Ball has waived all fees earned prepetition.

**Question:**   Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:**   Westerman Ball, in conjunction with the Debtor and the Debtor's other professionals, is in the process of developing a budget for this chapter 11 case for the period beginning June 10, 2020, ending September 29, 2020.   Westerman Ball, the Debtor, and the Debtor's other professionals will review such budget following the close of the budget period to determine a budget for the following period.

28.    Westerman Ball has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, and associates of Westerman Ball, or (b) any compensation another person or party has received or may receive.

29.    The proposed employment of Westerman Ball is not prohibited by or improper under Bankruptcy Rule 5002.  Except as disclosed herein, I am not related, and to the best of my knowledge, information, and belief, no attorney at Westerman Ball is related, to any United States Bankruptcy Judge or District Court Judge for the District of Delaware or to the United States Trustee for such district or any employee in the office thereof.

30.    By reason of the foregoing, I believe that Westerman Ball is eligible for retention and employment as bankruptcy co-counsel for the Debtor pursuant to sections 327(a) and 1107(b) and the applicable Bankruptcy Rules and Local Rules.

31.     Except as otherwise described herein, neither I nor Westerman Ball, including any partner, counsel, or associate thereof, represent any interest adverse to the Debtor or the Debtor's estate in the matters upon which Westerman Ball is proposed to be engaged.

32.     Westerman Ball continues to conduct research into its relations with the Debtor, its creditors, and other parties in interest in this chapter 11 case.  Should any additional information relevant to Westerman Ball's retention and employment in the above-captioned case come to Westerman Ball's attention, Westerman Ball will file additional supplemental declarations.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on June 25, 2020
Uniondale, New York

*/s/ Thomas A. Draghi*
Thomas A. Draghi

2224321.DOCX

## **Schedule 1**

**List of Potential Parties in Interest**

## <u>SCHEDULE 1 TO DECLARATION OF THOMAS A. DRAGHI</u>

### **Potential Parties in Interest**[1]

**<u>Debtor</u>**
Klausner Lumber Two LLC


**<u>Debtor's Affiliates</u>**[2]
Alpha Privatstiftung
Klausner Nordamerika Beteiligungs GmbH
Alpha Service & Consulting Beta GmbH
Alpha Service & Consulting Alpha GmbH
Klausner Consulting USA Inc.
Klausner Trading USA, Inc.
Klausner Lumber One, LLC
Carolina Growth Regional C, LLC
Carolina Sawmills, L.P.[3]
Carolina Entrepreneur LLC
Florida Entrepreneur LLC
Florida Sawmills, L.P.
Softwood International Inc.
Pangea LLC
Klausner NMTC LLC
Klausner Leverage NMTC LLC

---

[1]   The Declarant's Firm has limited its search to the parties in interest listed, which were supplied by the Debtor, or located from records of the Debtor or public filings.  Affiliates, subsidiaries, or parent companies of the parties listed have **not** been identified or searched unless specifically noted.


[2]   These parties are listed herein under the category of "affiliates" using its dictionary meaning, but the Debtor has not determined if all of these parties are considered "affiliates" or "insiders" pursuant to the definitions of Section 101 of the Bankruptcy Code.


[3]   Certain parties in this list fall under more than one category.  For instance, Carolina Sawmills is listed as an affiliated party, subject to the caveat in the footnote immediately above.  It is also listed below as a secured lender.  Other parties on this list have more than one role as well – a creditor for instance, and also a former professional of the Debtor.  Thus, the placement of a party on this list does not necessarily correspond to every possible role of such party in this Case.  This is a conflicts list, and not the Debtor's schedules, nor does it have legal import as to the nature or characterization of any party's claims or rights; the categories listed herein as simply for ease of reference and local custom.  If anyone has questions about the roles of the parties listed in this Case, they may contact Debtor's counsel, Daniel Butz, with Morris, Nichols, Arsht & Tunnell.

**Debtor's Current and Former Key Directors, Officers, and Employees**
Hans-Michael Kraus[4]
Simone Kraus[5]
Thomas Mende
Christoph Schaetz
Leopold Stephan
Daniel T. Motulsky
Daniel Dorfer
Christian Rindler
Robert Prusak


**Debtor's Primary Shareholders**
Klausner Holding USA, Inc.


**Debtor's Cash Management Banks**
Wells Fargo


**Debtor's Secured Lenders and their Professionals**
Carolina Sawmills, L.P.
Cross & Simon, LLC


**Other Secured Parties (UCCs), Judgment Lienholders, Reverter Holders and their Professionals (if known)**
North Carolina Department of Commerce
Halifax County, North Carolina
M. Glynn Rollins, Jr.
Parker Poe Adams & Bernstein LLP

---

[4]    Mr. Hans-Michael Kraus signed, as an "authorized person," the "KL2, Inc. and KL2 LLC Certificate of Merger" in the Debtor's corporate minute books. The Debtor's professionals have not determined if he was an officer, director, or some other role, but he is included as a conflict search party nonetheless.


[5]    Mr. (or Ms.?) Simone Kraus (of unknown relation, or not, to Mr. Hans-Michael Kraus, referenced immediately above) signed, as an "authorized person," the KL2, LLC Certificate of Formation in the Debtor's corporate minute books. The Debtor's professionals have not determined if this person was an officer, director, or some other role, but this person is included as a conflict search party nonetheless.

3

Young Conaway Stargatt & Taylor, LLP
Caterpillar Financial Services Corporation
Deutsche Leasing USA, Inc.

Masuda, Funai, Eifert & Mtichell, Ltd.
Ashby & Geddes, P.A.
Jacobs Engineering Group, Inc.
The Sherwin Williams Company
Gregory Poole Equipment

**Contract Counterparties**
Volkswagen Credit


**Real Property Lessors of the Debtor**
None


**Debtor's Licensors**


**Debtor's Current Professionals**
Asgaard Capital LLC
Cypress Holdings LLC
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP
Morris, Nichols, Arsht & Tunnell LLP
Donlin Recano & Company, Inc.


**Debtor's Material Prior Professionals**
K&L Gates


**Other Professionals Which May be Materially Involved in this Bankruptcy Case**
ljh Lindbauer PartmbB


**Others Which May be Materially Involved in this Bankruptcy Case**
Kalmar USA, Inc.
Adams and Reese LLP
Young Conaway Stargatt & Taylor, LLP
Dr. Stefan Geiler Rechtsanwal
Liebherr Equipment Source
Greenline Ventures
Butler Snow LLP
Stinson LLP

4

Micon International Consulting, Ltd.
Saul Ewing Arnstein & Lehr


**<u>Parties Adverse to the Debtor in Material Litigation</u>**

Johnnie Raymond et al. – including Johnnie Raymond, the plaintiffs are:

 Johnnie Raymond
 Timothy Gardner
 Helmut Thomay
 Ronketrick Jordan
 Tillman Raynond
 Joseph B. Jones
 Jared Coody
 Kacee Dillbeck
 Scott Kellogg
 Patrick Williams
 Andrea Dennis
 Curley L. Jackson
 Kenneth A. Roberts
 Allen Tull
 Alicia Horne
 Jessica Watts
 Donald A. Thomas
 Patrick Brown
 Philip J. Pettey, Sr.
 Robert Davis
 Stacey Donaldson
 Frederick Williams
 Kristopher Chesser
 Jasper L. Hunter
 Cornelius Turner
 Kirby Arrington
 Levon Cherry
 Antoine Hunter
 Jimil Richardson
 James K. Brown
 Jake Latner
 Ronnie Bridges
 Walter Miles
 Justin Palmatier
 Dominique Williams
 Daniel Diroma
 Travis Dennis
 Djuan Ivey
 Chris Webb
 Patrick C. Hammack

Gregory Donaldson
Shaneka Harrison
Jay P. Lechner, P.A.
MSC Industrial Direct Co., Inc.
Woodard & Butler, LLC
Taylor Industrial Construction, Inc.
Akerman LLP
The Bifferato Firm, P.A.
Armstrong Law, PLLC
Piedmont Natural Gas
LincolnDerr

**EB5 Investors**[6]
Shikun Miao
Jieyu Ye
Reid & Wise LLC
Bing Yi
Guanfeng Qian
Guangyuan Li
He Zhou
Hewen Zhang
Hongliang Zhao
Hongyan Wang
Jianxiang Xiang
Jing Guo
Jing Li
Jing Wang
Jing Zhou
Jingwen Li
Ju Hou
Ke Xia
Lei Qu
Lina Huang
Nan Du
Neng Fan
Peijun Yin
Rui Quan
Shuhua Tang
Shunran Shi
Weijue Li
Wenhan Jin

---

[6]    The Debtor does not believe that the EB5 investors are creditors, but believes that they have an interest in the case so are listed parties for conflict searching purposes.  The names of the EB5 investors were taken from a list prepared by the Debtor.  As the names of further investors are determined, this list will be supplemented.

Wenwei Wu
Xia Sheng
Xiaohua Qian
Xiaohui Sun
Xiaojian Jiang
Xiaomei Yu
Xiaoping Cui
Xing Ma
Xinping Song
Xio Yang
Xiuzhu Zheng
Xueyan Wu
Xuhong Jiang
Yingtao Zhang
Yuan Yao
Yue Cheng
Yuemei Ying
Yuhong Lu
Zhaotao Xu
James B. Maloney
EvansStarrett PLC

**<u>Twenty-Nine Largest Unsecured Creditors of the Debtor</u>**
Piedmont Natural Gas Company, Inc.
KHT Klausner Holz Thüringen GmbH
Klausner Trading International GmbH
MAHILD Drying Technologies GmbH
Greenline CDF Subfund XXXIV LLC
VSC Fire & Security, Inc.
Elektro Fisher USA, LP
Wells Fargo Equipment Finance, Inc.
K&L Gates, LLP
Kuehne + Nagel Inc.
Klausner Holz Sachsen GmbH
Harry House Security Services
Halifax Electric Membership Corp.
Gregory Poole Equipment Company
Greenline CDF Subfund XXIX LLC
United Healthcare Services, Inc.
LSAB Produktion AB
360 Forest Products, Inc.
R & R Beth GmbH
D & T Process Optimization
Rayen Intec GmbH
Southeast Industrial Equipment, Inc.
Sunbelt Rentals, Inc.

TKM GmbH
HReady
AA Electric S.E., Inc.
Ohana Tree Holdings, LLC
REA Elektronik, Inc.
MSC Industrial Supply


**Trade Creditors of the Debtor (Vendors)**
Accurate Background Check, Inc.
ADP, Inc.
Advantech Corporation
AES Industrial Supplies
Airgas, USA LLC
Air Systems Corp.
Alfha GmbH & Co. KG
Allied Electronics, Inc.
Amazon
American Stainless & Supply
Applied Industrial Technologies
ARC3 Gases
Arrow Exterminators
ASC Construction Equipment USA, Inc.
Ascendum Machinery, Inc.
Atlanta Belting Company
Austar Group Investment Limited
Bekaworld LP
Bento for Business
Best Rentals, Inc.
BlueAlly
Burkle and Schock Transformatoren GmbH
Burns, Day & Presnell, P.A.
Carolina Office Systems
C.H. Robinson Company
CenturyLink
Clayton Industries
Cobank
Colony Square Apartments
Damage Recovery
Delaware State Division of Corporations
Delaware Secretary of State Division of Corporations Franchise Tax
Delaware State Treasury
Dilmar Oil Co.
Eastern Hydraulic/Wilson Iron Works
Eastern Petroleum Corp
Electrical Supply and Equipment

Enterprise
Fastenal Company
Federal Express
Garner Landscaping and Lawn
GIW Industries
Green Engineering
Hales & Associates, Inc.
Halifax County Public Utilities
Halifax County Tax Collector
Halifax Works
HATEC International, Inc.
Helukabel USA
Hoffmann Quality Tools
Holland Supply Co. dba Holland Industrial
Holland Supply Company
Hornady Transportation
HP Inc.
Industrial and Construction Enterprises
INP North America, Inc.
Insight Direct USA, Inc.
Jinghua Overseas Group Limited
Joseph Phelps
Don Keisling
Konecranes, Inc.
Kop-Coat, Inc.
Le Bleu of Wilson
LEDINEK/Maschinen und Anlagen GmbH
LINCK Holzverarbeitungstechnik GmbH
Lincoln National Corporation
Mettler Toledo
Michael Weinig, Inc.
Motion Industries
New Dixie Oil Corporation
Nexsen Pruet, LLC
Norfolk Bearings & Supply Co, Inc.
Northern Safety Co., Inc.
Pac-Van, Inc.
Powertech Controls Co., Inc.
Preferred Utilities Manufacturing
R&R-Technik GmbH
Radio Express, Inc.
RISI, Inc.
Rivertown Tire
Roanoke Porta-Johns
Robert E. Mason & Associates, Inc.
Rocky Mount Electrical Motor

Roseburg Resources Co.
Sampson-Bladen Oil Co., Inc.
S.D. Myers, LLC
Springer Maschinenfabrik AG
State Electric Supply Co.
Strategic Value Media
Summit Financial Resources, L.P. nka Summitt Financial Resources, LLC
Technogroup IT-Service-GmbH
The Macomb Group, Inc.
TMC Transportation
Trinity Consultants, Inc.
Trustmark Voluntary Benefit Solutions
TUV SUD Product Svc GmbH
Union Level Land and Timber, LLC
UNISource, Inc.
United Rentals
UPS Supply Chain Solutions, Inc.
Vollmer of America Corp.
Waste Industries
Wells Fargo Community Investment Holdings LLC
Wolseley Industrial Group
Zhejiang Strong International Consulting Co.

**Judges of the U.S. Bankruptcy Court for the District of Delaware**
The Hon. Chief Judge Christopher S. Sontchi
The Hon. Ashely M. Chan
The Hon. John T. Dorsey
The Hon. Karen B. Owens
The Hon. Brendan L. Shannon
The Hon. Laurie Selber Silverstein
The Hon. Mary F. Walrath

**Attorneys and Staff of the Office of the U.S. Trustee Covering the District of Delaware**
Andy R. Vara, Region 3 US Trustee
T. Patrick Tinker, Assistant US Trustee
Robert Agarwal
Lauren Attix
David Buchbinder
Linda Casey
Holly Dice
Shakima L. Dortch
Timothy J. Fox, Jr.
Diane Giordano

Christine Green
Benjamin Hackman
Nyanquoi Jones
Jane Leamy
Hannah M. McCollum
James R. O' Malley
Michael Panacio
Linda Richenderfer
Juliet Sarkessian
Richard Schepacarter
Edith A. Serrano
Rosa Sierra
Karen Starr
David Villagrana
Ramona Vinson
Dion Wynn

## **SCHEDULE 2**

Westerman Ball currently represents the Potential Parties in Interest and/or affiliates thereof identified below on matters unrelated to this case.

NO CONFLICT

## **SCHEDULE 3**

Westerman Ball formerly represented the Potential Parties in Interest and/or affiliates thereof identified below on matters unrelated to this case.

NO CONFLICT