**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| KLAUSNER LUMBER TWO LLC | Case No. 20-11518 (KBO) |
| Debtor.[1] | |
| | **Objection Deadline: October 13, 2020 at 4:00 p.m. (ET)** |

**FIRST MONTHLY FEE APPLICATION OF WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP, AS BANKRUPTCY CO-COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE OF MONTHLY COMPENSATION AND FOR MONTHLY REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
JUNE 10, 2020 THROUGH JUNE 30, 2020**

| | |
|---|---|
| Name of Applicant: | WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP |
| Authorized to Provide Professional Services to: | Debtor |
| Date of Retention: | July 14, 2020, *nunc pro tunc* to June 10, 2020 |
| Period for which compensation and reimbursement is sought: | June 10, 2020 through June 30, 2020 |
| Amount of compensation sought as actual, reasonable and necessary: | $67,015.50 |
| Amount of reimbursement of expenses sought as actual, reasonable and necessary: | $0.00 |
| This is a __x__ monthly and interim application ____ final application | |

The total time expended for fee application preparation is approximately 4.0 hours and the corresponding compensation requested is approximately $2,000.00[2]

---

[1]    The last four digits of the Debtor's federal EIN are 4897.  The Debtor's mailing address is Klausner Lumber Two LLC, P.O. Box C, Redding Ridge, CT 06876.

[2]    Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

**COMPENSATION BY PROFESSIONAL**

**KLAUSNER LUMBER TWO LLC**
**(Case No. 20-11518 (KBO))**

**June 10, 2020 through June 30, 2020**

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Thomas A. Draghi | Partner/Bankruptcy.  Founding Partner since 1999. | $625.00 | 50.8 | $31,750.00 |
| Mickee Hennessy | Partner/Bankruptcy.  Partner since 2006. Joined firm as an associate in 2002 | $575.00 | 30 | $17,250.00 |
| John E. Westerman | Managing Partner/ Bankruptcy.  Founding Partner since 1999. | $650.00 | 1.5 | $975.00 |
| William E. Vita | Partner/Litigation.  Joined the firm as a partner in 2003. | $575.00 | 9.6 | $5,520.00 |
| Alison Ladd | Senior Associate/Bankruptcy. Joined the firm as an associate in 2020. | $450.00 | 17.7 | $7,965.00 |
| Perri S. Hack | Associate/Real Estate.  Joined the firm as an associate in 2019 | $325.00 | 5.7 | $1,852.50 |
| Jonathan Hoffman | Partner/Real Estate.  Joined the firm as an associate in 2000. | $595.00 | 2.4 | $1,428.00 |
| Joseph Iemma | Associate/Litigation.  Joined the firm as an associate in 2019. | $275.00 | 1.0 | $275.00 |
| **Total** | | | **118.7** | **$67,015.50** |
| **GRAND TOTAL: $67,015.50** | | | | |
| **BLENDED RATE: $564.58** | | | | |
| **ATTORNEY BLENDED RATE: $564.58** | | | | |

**COMPENSATION BY PROJECT CATEGORY**

**KLAUSNER LUMBER TWO LLC**
**(Case No. 20-11518 (KBO))**

**June 10, 2020 through June 30, 2020**

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 8.5 | 4,880.00 |
| Correspondence | 15.2 | 8,160.00 |
| Financing | 10.6 | 6,342.50 |
| Asset Sales | 8.8 | 5,352.00 |
| Retentions | 16.0 | 9,585.00 |
| Claims | 0.0 | 0.00 |
| Executory Contracts and Leases | 2.8 | 1,630.00 |
| Litigation | 18.8 | 10,597.50 |
| Professional Fees | 0.0 | 0.00 |
| Disclosure Statement and Plan | 0.0 | 0.00 |
| Motions and Pleadings | 17.2 | 10,247.50 |
| Creditor and Committee Communications | 2.6 | 1,650.00 |
| General Case Strategy | 8.7 | 4,022.50 |
| Asset Analysis and Recovery | 9.5 | 4,593.50 |
| **TOTAL** | **118.7** | **$67,015.50** |

**EXPENSE SUMMARY**

**KLAUSNER LUMBER TWO LLC**
**(Case No. 20-11518 (KBO))**

**June 10, 2020 through June 30, 2020**

| Expenses | | |
|---|---|---|
| None | | 0.00 |
| **Grand Total Expenses** | | **$0.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| KLAUSNER LUMBER TWO, LLC | Case No. 20-11518 (KBO) |
| Debtor.[1] | |
| | **Objection Deadline: October 13, 2020 at 4:00 p.m. (ET)** |

**FIRST MONTHLY FEE APPLICATION OF WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP, AS BANKRUPTCY CO-COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE OF MONTHLY COMPENSATION AND FOR MONTHLY REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD**
<u>**JUNE 10, 2020 THROUGH JUNE 30, 2020**</u>

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP ("<u>Westerman Ball</u>"), as bankruptcy co-counsel counsel for the debtor and debtor in possession in the above-captioned case (the "<u>Debtor</u>"), submits this application (the "<u>Application</u>") for monthly and interim allowance of compensation for professional services rendered by Westerman Ball to the Debtor for the period of June 10, 2020 through and including June 30, 2020 (the "<u>Application Period</u>") and reimbursement of actual and necessary expenses incurred by Westerman Ball during the Application Period, pursuant to sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the United States Trustee's

---

[1] The last four digits of the Debtor's federal EIN are 4897. The Debtor's mailing address is Klausner Lumber Two LLC, P.O. Box C, Redding Ridge, CT 06876.

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Case, effective November 1, 2013 (the "U.S. Trustee Guidelines"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals (D.I. 132) (the "Interim Compensation Procedures Order").  In support of this Application, Westerman Ball represents as follows:

## JURISDICTION

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3.    On June 10, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and manages its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On June 25, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee of Unsecured Creditors (the "Committee").

## WESTERMAN BALL'S RETENTION

5.    Before commencing this chapter 11 case, the Debtor engaged Westerman Ball to assist in advising, preparing for, and commencing its case under chapter 11 of the

Bankruptcy Code.  On June 25, 2020, the Debtor filed the *Debtor's Application for Entry of an Order Under Sections §§ 327(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Westerman Ball Ederer Miller Zucker & Sharfstein, LLP as Bankruptcy Co-Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* (D.I. 30) (the "Westerman Ball Retention Application").

6.    On July 14, 2020, this Court granted the Westerman Ball Retention Application pursuant to the *Order Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Rules 2014 and 2016, of the Federal Rules of Bankruptcy Procedure, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Westerman Ball Ederer Miller Zucker & Sharfstein, LLP as Bankruptcy Co-Counsel for the Debtor Nunc Pro Tunc to the Petition Date* (D.I. 50) (the "Westerman Ball Retention Order").

## INTERIM COMPENSATION PROCEDURES ORDER

7.    The Court entered the Interim Compensation Procedures Order on September 14, 2020 [D.I. 235].  The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for all Professionals in this case.

8.    In particular, the Interim Compensation Procedures Order provides that Professionals may file and serve a Monthly Fee Application no earlier than the 20th day of each month following the month for which compensation is sought, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month.  Parties in interest will have 21 days (or the next business day if such day is not a business day) after the service of a Monthly Fee Application to object to the requested compensation for services rendered and reimbursement of expenses incurred.  Provided that there are no objections to such Monthly Fee Application filed within 21 days after the service

of the Monthly Fee Application, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

9.      Upon the filing of a Certificate of No Objection, the Debtor is authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtor is authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

10.      Westerman Ball submits this Application for (a) allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as bankruptcy co-counsel for the Debtor in this case during the Application Period, and (b) reimbursement of actual, reasonable, and necessary expenses incurred by Westerman Ball in representing the Debtor during the Application Period.

11.      During the Application Period, Westerman Ball incurred fees in the amount of $67,015.50.  For the same period, Westerman Ball did not incur any expenses.  As of the date of this Application, Westerman Ball has received no payments with respect to these amounts.

12.      Set forth on the foregoing "Compensation by Project Category" is a summary, by subject matter category, of the time expended by Westerman Ball timekeepers billing time to the Debtor's case during the Application Period.

13.      **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff, as well as descriptions of the services provided.

14.      **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by Westerman Ball during the Application Period.

9

15.    Westerman Ball charges $.10 per page for photocopying and $0.05 per page for printing.

16.    Westerman Ball does not charge for outgoing domestic facsimiles or incoming facsimiles.

17.    In accordance with Local Rule 2016-2, Westerman Ball has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

18.    Westerman Ball has endeavored to represent the Debtor in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Westerman Ball so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Westerman Ball has endeavored to coordinate with the other professionals involved in this case so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtor.  Westerman Ball believes it has been successful in this regard.

19.    No agreement or understanding exists between Westerman Ball and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

20.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge, and belief that this Application complies with that Rule.

**INFORMATION RELATED TO THE REVISED U.S. TRUSTEE GUIDELINES**

21.    Westerman Ball provides the following information pursuant to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Case (the "Revised U.S. Trustee Guidelines").

22.    Westerman Ball's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Westerman Ball's hourly rates for bankruptcy services are comparable to the rates charged by Westerman Ball, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

23.    The blended hourly rate for all Westerman Ball timekeepers who worked on this case is approximately the same as the firm's blended rate for all timekeepers over a Comparable Period (defined below).  In particular, the blended hourly rate for all Westerman Ball timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters") during the 12-month period beginning May 31, 2019 and ending on May 31, 2020 (the "Comparable Period") was, in the aggregate, approximately $460.00.  By comparison, the blended hourly rate for all Westerman Ball timekeepers (including both professionals and paraprofessionals) who worked on this case during the Application Period was, in the aggregate, $564.58.

24.    The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar):

| Position at Westerman Ball | Blended Hourly Rate for Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
| --- | --- | --- |
| Partner | $604.00 | $566.61 |
| Associate | $350.00 | $350.90 |
| Paralegal | N/A | $225.00 |

25.    In addition, Westerman Ball provides the following responses to the inquiries stated in section C.5 of the Revised U.S. Trustee Guidelines:

a.   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.  **No**.

b.   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?  **Not applicable.**

c.   Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?  **No**.

d.   Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.  **No. Westerman Ball reserves the right to seek such fees in subsequent applications**.

e.   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.  **No**.

f.   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? and (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?  **Not Applicable**.  **The fee application does not include any rate increases since retention**.

WHEREFORE, Westerman Ball respectfully requests that this Court (a) allow Westerman Ball (i) interim compensation in the amount of $67,015.50 for actual, reasonable, and necessary professional services rendered on behalf of the Debtor during the Application Period; and (ii) interim reimbursement in the amount of $0.00 for actual, reasonable, and necessary expenses incurred during the Application Period; (b) authorize and direct the Debtor to pay to

Westerman Ball the amount of $53,612.40, which is equal to the sum of 80% of Westerman Ball's

allowed interim compensation; and (c) grant such other and further relief as is just and proper.

Dated:   September 22, 2020          **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
         Uniondale, New York

*/s/ Nader A. Amer*
Robert J. Dehney (No. 3578)
Eric D. Schwartz (No. 3134)
Daniel B. Butz (Bar No. 4227)
Nader A. Amer (Bar No. 6635)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:  dbutz@mnat.com
        namer@mnat.com

**WESTERMAN BALL EDERER**
**MILLER ZUCKER & SHARFSTEIN, LLP**

Thomas A. Draghi (admitted *pro hac vice*)
Alison M. Ladd (admitted *pro hac vice*)
1201 RXR Plaza
Uniondale, NY 11556
Tel: 516-622-9200
tdraghi@westermanllp.com
aladd@westermanllp.com

*Counsel for Debtor and Debtor in Possession*