IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Klausner Lumber Two LLC, | Case No. 20-11518 (KBO) |
| Debtor.[1] | Re: D.I. 284, 364 & 366 |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
MCCAUSLAND KEEN + BUCKMAN AS INTELLECTUAL PROPERTY COUNSEL
*NUNC PRO TUNC* TO AUGUST 9, 2020**

Upon the application (the "Application")[2] of the above-debtor and debtor in possession (the "Debtor") for the entry of an order (this "Order") pursuant to Section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Rules, authorizing the employment and retention of McCausland as Intellectual Property Counsel to the Debtor, effective as of August 9, 2020 and granting various related relief, as further described in the Application; and the Court being satisfied that McCausland does not hold an interest adverse to the Debtor or its estate; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular

---

[1] The last four digits of the Debtor's EIN are 4897. The Debtor's mailing address is P.O. Box C, Redding Ridge CT, 06876.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Application.

circumstances; and upon the record of any hearing held to consider the relief requested in the Application; and upon the Initial Declaration; and upon the representations made in the Wright Declaration, and all proceedings had before this Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED, as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to employ and retain McCausland as its Intellectual Property Counsel, effective as of the August 9, 2020.

3. McCausland shall comply with all requirements of Bankruptcy Rule 2016(a), and Local Rule 2016-2, including all information and time keeping requirements.

4. McCausland shall be compensated for professional services, and reimbursed for expenses incurred, pursuant to the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, and the Local Rules, and with any other applicable procedures and orders of this Court.  McCausland also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* Effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection

- 3 -

with the Application and the interim and final fee applications to be filed by McCausland in this chapter 11 case.

5. No agreement or understanding exists between McCausland and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with this chapter 11 case, nor shall McCausland share or agree to share compensation received for services rendered in connection with this chapter 11 case with any other person other than as permitted by Bankruptcy Code section 504.

6. McCausland shall use its reasonable best efforts to avoid any unnecessary duplication of services provided by any of the Debtor's retained professionals in this chapter 11 case.

7. McCausland shall not be reimbursed for fees and expenses for defending any objection to any of McCausland's fee applications under the Bankruptcy Code.

8. McCausland shall not charge a markup to the Debtor with respect to fees billed by contract attorneys who are hired by McCausland to provide services to the Debtor and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

9. McCausland shall provide ten-business-days' notice to the Debtor, the U.S. Trustee, and the Official Committee of Unsecured Creditors before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

- 4 -

10. All payments made pursuant to this Order are subject to and qualified by the terms of the interim and final orders approving the debtor in possession financing and any approved budget in connection therewith.

11. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application.

12. To the extent the Application or the Wright Declaration are inconsistent with this Order or any agreements between the Debtor and McCausland are inconsistent with this Order, the terms of this Order shall govern.

13. This Court shall retain exclusive jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

**Dated: October 30th, 2020**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**