## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| KLAUSNER LUMBER TWO LLC, | : | Case No. 20-11518 (KBO) |
| | : | |
| Debtor. | : | |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF SERVICE OF SUBPOENA TO KLAUSNER NMTC LLC

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45 (made applicable to the above-captioned chapter 11 case by Rule 9016 of the Federal Rules of Bankruptcy Procedure), the Official Committee of Unsecured Creditors hereby provide notice that it caused the attached subpoena to be served upon Klausner NMTC LLC on March 23, 2021.

Dated: March 26, 2021                                        **ARMSTRONG TEASDALE LLP**

                                                                         */s/ Eric M. Sutty*
                                                                         Eric M. Sutty (No. 4007)
                                                                         Jonathan M. Stemerman (No. 4510)
                                                                         300 Delaware Avenue, Suite 210
                                                                         Wilmington, DE 19801
                                                                         Telephone: (302) 824-7089
                                                                         Email: esutty@atllp.com
                                                                         jstemerman@atllp.com

                                                                         *Counsel to the Official Committee of Unsecured Creditors*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ District of DELAWARE _____

In re KLAUSNER LUMBER TWO LLC      Case No. 20-11518 (KBO)
         Debtor

                                Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Klausner NMTC LLC, c/o National Registered Agents, Inc., 1209 Orange Street, Wilmington, DE 19801
                              *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

by 04/02/2021 at 3:00 pm (ET) at Armstrong Teasdale LLP, 300 Delaware Avenue, Suite 210, Wilmington, DE 19801. Attn.: Eric Sutty (esutty@atllp.com). See attached Schedule A.

---

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/23/2021

                 CLERK OF COURT

                                        OR
                                             /s/ Eric M. Sutty
         _____     _____
           *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* Official Committee of Unsecured Creditors of Klausner Lumber Two LLC , who issues or requests this subpoena, are:
Eric M. Sutty, Armstrong Teasdale LLP, 300 Delaware Avenue, Suite 210, Wilmington, DE 19801

---

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: Klausner NMTC LLC
on *(date)* 03/23/21 .

☒ I served the subpoena by delivering a copy to the named person as follows: Amy McLaren - Authorized to accept c/o National Registered Agents, Inc., 1209 Orange Street, Wilmington, DE 19801 @ 11:17 am
_____ on *(date)* 03/23/21 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: 03/23/21

*Server's signature*

John Garber - Process Server
*Printed name and title*

230 North Market Street
Wilmington, DE 19801
*Server's address*

Additional information concerning attempted service, etc.:

# SCHEDULE A

# Definition of Terms

Unless otherwise stated below, the definitions and instructions set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedures shall apply to these Document Requests.

A. "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, without limitation, any letter, correspondence, or communication of any sort, film, print or negative of photographs; sound recording, video recording, note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, telecopy, facsimile, cable; email, CD Rom, summary, report or record of telephone conversations, personal conversations, discussions, interviews, meetings, conferences, investigations, negotiations, act or activity; projection, work paper, or draft; computer output, spreadsheet, input or data processing media; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, check book, stubs, or register, canceled check, wire transfer, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation, and any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form and *includes* the original and/or any non-identical original or copy including those with any marginal note or comment, or showing additions, deletions, or substitutions; drafts; attachments to or enclosures with any document and every document referred to in any other documents.

B. "You" or "Your" shall mean the Debtor individually or the Debtor's officers, directors, employees and affiliated companies: Klausner Consulting USA, Inc.; Klausner Trading USA, Inc.; Klausner Lumber One, LLC; Carolina Growth Regional C, LLC; Carolina Entrepreneur LLC; Carolina Sawmills L.P.; Softwood International Inc.; Pangea LLC; Klausner NMTC LLC; Klausner Leverage NMTC LLC; and Klausner Holding USA, Inc.

C. "Concerning," "referring to," "regarding," or "relating to" any given subject, means any document, communication or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

D. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, or any transmittal of the same, between or among two or more persons, by or to whomsoever made, and including, without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings.

E. "Affiliate" means any Person or entity that directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control or ownership with, the specified entity. Affiliate includes, but is not limited to: Alpha Privatstiftung; Klausner Nordamerika Beteiligungs GmbH; Alpha Service & Consulting Beta GmbH; Alpha Service & Consulting Alpha GmbH; Klausner Consulting USA, Inc.; Klausner Trading USA, Inc.; Klausner Lumber One, LLC; Carolina Growth Regional C, LLC; Carolina Entrepreneur LLC; Carolina Sawmills L.P.; Softwood International Inc.; Pangea LLC; Klausner NMTC LLC; Klausner Leverage NMTC LLC; and Klausner Holding USA, Inc.; and

F. "Accounts" refers to the account held in the name of or related to any of the Debtors at any banking institution.

G. "Debtor" refers to the Debtor in the Bankruptcy Case, specifically, Klausner Lumber Two LLC.

H. "Bankruptcy Court" refers to the United States Bankruptcy Court for the District of Delaware.

I. "Bankruptcy Case" refers to the bankruptcy case of Klausner Lumber Two LLC, Case 20-11518 (KBO) pending before the United States Bankruptcy Court for the District of Delaware.

J. As used herein, the words "and" and "or" shall be construed conjunctively or disjunctively as required by the context within the scope of the discovery request so as not to exclude any information that might be deemed outside the scope of the request by any other construction.

K. "Including" means "including, without limitation" or "including, but not limited to," and the word "including" shall not limit these Document Requests.

L. "2004 Motion" refers to the motion requesting relief under FED. R. BANKR. P. 2004 filed by or on behalf of the Committee. in the Bankruptcy Case.

M. "2004 Order" refers to the Order entered by the Bankruptcy Court granting any motion for production of documents and attendance for examinations under FED. R. BANKR. P. 2004.

**Instructions**

1. Unless otherwise indicated, the applicable time period is July 25, 2012 through and including June 10, 2020. The Committee reserves all rights to expand the applicable time period for these, or any additional, Document Requests.

2. Each Document Request shall be deemed to include any Document now or at any time in Your possession, custody, or control, including, but not limited to, Documents in the possession, custody, or control of any of Your current or former affiliates and all of their respective current or

former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf. A Document is deemed to be in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person or entity and You: (i) own such Document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms; or (iv) as a practical matter, have been able to use, inspect, examine, or copy such Document when You sought to do so. If any requested Document was, but no longer is, in Your control, state the disposition of each such Document.

3. As the term "possession" pertains to e-mail, the term includes, but is not limited to, email contained in Your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

4. In responding to each Document Request, You are to review and search all relevant files of appropriate entities and persons.

5. These Document Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the Documents.

6. You are to produce the original and all non-identical copies, including all drafts, of each Document requested. If You are not able to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts. Any Document that cannot be produced in full shall be produced to the fullest extent possible.

7. Documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in the Document Requests. The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file each shall be set forth.

8. Documents created or stored electronically must be produced in their original electronic format, and not printed to paper or PDF. All electronically stored information ("ESI") shall be produced in electronic form (the "production set"). Each document will have its own unique identifier ("Bates number"), which must be consistently formatted across the production, comprising of an alpha prefix and a fixed length number of digits (e.g., "PREFIX0000001"). The production set shall consist of, and meet, the following specifications:

> a) **Image Files**. All ESI will be rendered to single-page, black and white, Group IV tagged image file (".tif" or ".tiff") images with a resolution of 300 dpi, where in the file name for each page is named after its corresponding Bates

number. Records in which a color copy is necessary to interpret the document (e.g., photographs, presentations, AUTOCAD, etc.) will be rendered to higher resolution, single-page *joint photographic experts group* (".jpg" or ".jpeg") format. Endorsements must follow these guidelines:

   i. Bates numbers must be stamped on the lower right hand corner of all images.

   ii. Confidentiality must be stamped on the lower left hand corner of all images.

   iii. Other pertinent language may be stamped on the bottom center, or top of the images, as deemed necessary.

b) **Load Files**. All ESI must be produced with appropriate data load files, denoting logical document boundaries. The following files should be included within each production set.

   i. A Concordance delimited ASCII text file (".dat").
      1. The .dat file will contain metadata from the original native documents, wherein the header row (i.e., the first line) of the .dat file must identify the metadata fields.

      2. The .dat file must be delimited with the standard Concordance delimiters (the use of commas and quotes as delimiters is not acceptable): ASCII 020 [¶] for the comma character; ASCII 254 [Þ] for the quote character; and ASCII 174 [®] for new line.

      3. All attachments, or child records, should sequentially follow the parent record.

      4. The following fields and metadata will be produced:

         Beginning Bates; Ending Bates; Beginning Bates Attachment; Ending Bates Attachment; Custodian; File Name; From; Recipient; CC; BCC; Subject; Date Sent; Time Sent; Last Modified Date; Last Modified Time; Author; Title; Date Created; Time Created; Document Extension; Page Count; MD5Hash; Text Path; and Native File Path.

  ii. Image cross-reference files, Opticon image file (".opt") and IPRO View Load file (".1fp"), which link images to the database and identifies appropriate document breaks.

  iii. Image cross-reference files, Opticon image file (".opt") and IPRO View Load file (".1fp"), which link images to the database and identifies appropriate document breaks.

 c) Text Files. All ESI will be produced in a word searchable, text file format (".txt"), at the document level for all records. Such text files may be delivered as multi-page ASCII or, where appropriate, Unicode text files and named after its corresponding Bates number. All records must include:

  i. *extracted text* for all ESI, at the document level, wherein the text files must have page breaks that correspond to the pagination of the image file; and/or

  ii. *optical character recognition* ("OCR") text, at the document level, for records where: (1) embedded or extracted text does not exist in the electronic document; (2) the document originated in a hardcopy format; and/or (3) OCR must be run on documents so as not to reveal the contents in any redacted material.
  The text files may be placed in an individual folder, from which the full path for each text file should correspond to its record in the .dat file and populated under the *Text Path field*.

 d) *Native Files.* ESI that cannot be interpreted in an image format, or for such that may be voluminous and burdensome when printed to image files, may be produced in its native format, with its file name corresponding to its designated Bates number. Such files include Microsoft Excel, PowerPoint and Access file types, multimedia files (e.g., ".avi", "mpeg", ".wmv", ".mp3", etc.), AUTOCAD files, source code, and other files that may be requested and/or agreed upon by counsel. All native files produced must contain a corresponding image placeholder with appropriate endorsements, as well as extracted text.

9. If any responsive Document is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

 a) A description of the Document, including the date, a summary of its contents and the identity of its author and the person(s) to whom it was sent or shown;

b) The last known custodian;
c) Whether the Document is missing or lost or was destroyed, discarded, or otherwise disposed;
d) The date of loss, destruction, discarding, or other disposition;
e) The reason(s) for destruction, discarding, or other disposition;
f) The person(s) authorizing or carrying out such destruction, discarding, or other disposition; and
g) The efforts made to locate lost or misplaced Documents.

10. In the event You seek to withhold any Document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, You shall produce as much of the Document as to which no claim of privilege or other limitation of discovery is made. With respect to Documents or portions of Documents for which a claim of privilege or other limitation of discovery is made, You are instructed to provide a numeral list of the Document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicates the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of Document; (ii) the name and capacity of each author and recipient of the Document; (iii) the general subject matter of the Document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the Document; (v) such other information as is sufficient to identify the Document for a subpoena duces tecum, including, where appropriate, the author(s) of the Document, the addressee(s) of the Document, and any other recipient(s) shown in the Document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed Document if the enclosure or attachment is also withheld from production. Notwithstanding the assertion of any privilege or other protection, any requested Document that contains responsive, non-privileged or non-protected information should be produced, but that portion of the Document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

11. Each Definition, Instruction, and Document Request herein shall be construed independently and not with reference to any other Definition, Instruction, or Document Request for the purposes of limitation.

12. Objections to any part of a Document Request shall be stated in full and with specificity. In the event You interpose an objection to a Document Request, You must produce the Documents to which objection is not made or provide testimony or information not objected to, as the case may be.

13. The following Document Requests are to be deemed continuing in nature. In the event you become aware of or acquire additional information relating or referring to any of the following document requests, such additional information is to be promptly produced.

14. Whenever necessary to bring within the scope of these Document Requests or information that might otherwise be construed to be outside its scope:

   a) The use of a verb in any tense shall be construed as the use of that verb in all other tenses;
   b) The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;
   c) The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and
   d) The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

15. Each paragraph, subparagraph, clause, and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause, or word herein for purposes of limitation.

**Documents Requested**

1. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Alpha Privatstiftung and the Debtor.

2. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Klausner Nordamerika Beteiligungs GmbH and the Debtor.

3. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Alpha Service & Consulting Beta GmbH and the Debtor.

4. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Alpha Service & Consulting Alpha GmbH and the Debtor.

5. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Klausner Consulting USA, Inc. and the Debtor.

6. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Klausner Trading USA, Inc. and the Debtor.

7. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Klausner Lumber One, LLC and the Debtor.

8. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Carolina Growth Regional C, LLC and the Debtor.

9. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Carolina Entrepreneur LLC and the Debtor.

10. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Carolina Sawmills L.P. and the Debtor.

11. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Softwood International Inc. and the Debtor.

12. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Pangea LLC and the Debtor.

13. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Klausner NMTC LLC and the Debtor.

14. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Klausner Leverage NMTC LLC and the Debtor.

15. All Documents and Communications concerning, referring to, regarding, or relating to transactions, transfers, dealings, accounts, payables, or receivables by and between Affiliate Klausner Holding USA, Inc. and the Debtor.

16. All Documents and Communications concerning, referring to, regarding, or relating to reports, templates, cover letters, exhibits, forms, transactions, transfers, dealings, accounts, by and between Ms. Kathryn Nuckols, Esq. of Unisource Group, Inc.

17. All of the Debtor's Board presentations, Board resolutions, Board minutes, Board packages, and Board attendance records concerning meetings of the Officers and/or Directors (and all actions taken by written consent without a meeting) for the four (4) years prior to the Petition Date.

18. All of the Debtor's shareholder meeting minutes for the four (4) years prior to the Petition Date.

19. All professional, errors/omissions, and officer/director insurance policies, including without limitation certificates of insurance, related to the Debtor.

20. All of the Debtor's by-laws and organizational documents, as amended, to date.

21. All of Debtor's bank statements for the four (4) years prior to the Petition Date.

22. All Documents related to the capitalization of the Debtor.

23. All documents related to actions by the Debtor to draw funds from the loan from Affiliate Carolina Sawmills.

24. All documents related to actions by Affiliate Carolina Sawmills LP to enforce or forebear its loan.